Staples, J.
The principal question before us is, whether the appellee’s judgment is a lien upon the house and lot in the possession of Mrs. Hanger or her alienees. The position of the appellant is, that although the deed to Mrs. Hanger may he invalid as to creditors of Shelby for want of recordation in due time, the executory contract of 8th October, 1856, although never recorded, vested in Mrs. Hanger an equitable title paramount to the lien of the judgment. This pretension is based upon the decision of this court in Withers v. Carter, 4 Gratt. 407, in which it was held that although the statute avoids an unrecorded deed as against creditors of the grantor, it does not affect a pre-existing equitable estate acquired by purchase from *341 Mm. Since tliat decision was made an important change, as is well known, has been made in the laws relating to the registration of deeds. This change was effected at the revisal of 1849. The statute then adopted, and which is still in force, declares that every contract in writing in respect to real estate shall be void as to creditors and subsequent purchasers for valuable consideration, without notice, until and except from the time that it is duly admitted to record in the county or corporation wherein the real estate embraced in said contract or deed may be.
By a subsequent section it is provided that if the writing is admitted to record within sixty days from the time of its being acknowledged before and certified to by a justice, notary public or other person authorized to certify the same for record, it shall, unless it be a mortgage or deed of trust, he as valid as if it had been recorded on the day of its acknowledgment. Code of 1860, chapter 119, sections 4, 5, 7.
These provisions effectually abrogated the rule laid down in Withers v. Carter, so far at least as executory contracts in writing for the sale of land are concerned, and placed them upon precisely the same footing as conveyances of the legal title. See the case of Hart et als. v. Haynes, decided by the special court of appeals, and reported in the number of the Law Journal for February, 1877, p. 109.
It lias been argued, however, that Mrs. Hanger’s possession of the house and lot was sufficient notice to all the world of her title, and was equivalent in law to the recordation of the deed and title bond. To sustain this position the learned counsel for the appellant has cited certain cases of other states in which it has been held that possession is notice of the purchaser’s equity. Whatever may be the rule elsewhere, it is perfectly clear that in Virginia the possession of the grantee or vendee does *342 not dispense with the necessity of recordation so far as creditors are concerned. "Whether such possession is sufficient to put a purchaser upon inquiry, and thus affect him with notice, is a question we are not called on decide. "We are now dealing with the rights of creditors only. As to them "both the deed and title bond are void unless recorded, whether they (+he creditors) have or have not notice. This distiuction-between creditors and purchasers was made at an early day in the registration laws, and has been recognized for more than forty years, through all the amendments and revisáis of our statutes, and by the decisions of our 'courts. The unrecorded deed or contract is only void as to purchasers for a valuable consideration without notice, and it is void as to creditors also, even though they may have notice. It is not our province to consider whether this distinction rests upon any just or solid ground. It is sufficient for us that it exists and is the well settled law. It does not matter, therefore, that Mrs. Hanger had actual possession of the premises; and it is equally immaterial that the appellee had actual notice of the deed to Mrs. Hanger. He being the surety of Shelby and having paid the debt to the creditor, must stand in the shoes of the latter with the right to enforce all his remedies ; and as the creditor is not affected by notice, neither is the appellee as surety.
The learned counsel relies upon the case of Hill et als. v. Rixey & als., 26 Gratt. 72. Hpou a careful examination of that case, it is not perceived that it is at all in conflict with anything here said. There the deed was executed on the 21st November, 1865, but was not admitted to record until the 6th November, 1867.
It was held that the deed had priority over the judgment of Rixey & Starke, because that judgment, although rendered in November, 1860, was not docketed until 11th ^December, 1868, more than twelve months after the *343 recordation of the deed. But it was also held that the ■other judgments had priority over the deed, although not docketed until after the execution of the deed, but before it was recorded: and the reason was they (the judgments) •were docketed within twelve months from the time they were rendered. The doctrine laid down in Hill v. Rixey is therefore in direct conformity with the view's here ■expressed, and lead inevitably to the same conclusion.
In the present case the only question is as to the necessity of recording a title bond and deed as against a creditor whose judgment has been duly docketed. By the provisions of the 8th section, chapter 186, Code of 1860, the judgment lien is preserved if it is docketed within a year from its date, or ninety days before the conveyance of the estate to a purchaser. Here the judgment was rendered at the February term, 1857, and was docketed on the 1st of April thereafter. On the other hand the title bond wras never recorded. The deed to Mrs. Hanger bears date 18th October, 1856. It wrns •acknowledged before and certified to by two justices of the peace on the same day, but was not recorded until the 9th March, 1857, nearly five months after such ■acknowledgment; so that the judgment was recovered before the deed wras recorded. If the deed had been recorded within sixty days from its acknowledgment it would be held valid as a recorded deed from the time of such acknowledgment. But not being so recorded, it is only valid as to creditors and purchasers, without notice, from the day of its actual admittance to record. It is very true that the deed was recorded before the judgment wrns docketed, but it must be borne in mind that the judgment having been docketed within less than twelve months from the time of its rendition, has precisely the same effect as if docketed on the day of its date. The lien must therefore be treated as effectual at *344 and from the February term, 1857, which was a month or more before the recordation of the deed. It is difficult to see how these conclusions can be avoided. If any injustice js done the appellant, it is in a great measure due to the negligence of the parties under whom lie claims. The law pointed out a plain duty to Mrs. Hanger—that of promptly recording the evidences of her title. Having failed to do so, the loss must fall upon her or her alienee. This court cannot construe away a plain statute to avoid eases of individual hardship. The' legislature has thought proper .to place all written contracts for the sale of land upon the same footing with deeds of conveyance, so far as they come within the influence of the registration acts, and we have no alternative but to enforce the law as it is written.
It is proper to add that since; this case was argued in Staunton, the case of Floyd v. Harding, 28 Gratt. 401, has been decided by this court. It was there held that a bona fide purchaser of real estate in possession under a parol contract, who is entitled to a specific performance as against his vendor, is also entitled to hold against the judgment creditor of the vendor; that the statutes of registration only apply to deeds and contracts in toriting for the sale of land, and not to mere parol contracts, which could not be recorded. Throughout the argument of that case, which was very ably conducted, it was conceded on all sides that the present statute had placed title bonds and other contracts in toriting upon the same footing as deeds; and to that extent certainty had abolished the rule laid down in Withers & Carter.
In the present case there is no claim or pretense of a valid equitable title prior to and independent of the title bond. The contract between Shelby and Mrs. Hanger was, at the time it was entered into, reduced to writing. The writing is the sole evidence of the contract. If it
*345 be a nullity there is no semblance of an agreement upon which Mrs. Hanger can rely; no valid parol contract so far performed as to be capable of specific execution.
The principle of Withers & Carter and of Floyd & Harding is, that the purchaser having a good equitable title prior to and independent of the writing, will not forfeit it merely because he may afterwards attempt to consummate his right by a deed or title bond. In other words, when there is a parol agreement under which the purchaser is in possesion, and which is valid without a writing, the subsequent execution of a writing cannot invalidate the title previously acquired without it. This principle is adverted to and relied upon in Withers & Carter as distinguishing that case from McClure v. Thistle’s ex'ors., 2 Gratt. 182. Judge Baldwin, in commenting upon that case (McClure & Thistle), said it was one in which there was no evidence of any executory contract or possession prior to the deed, nor was any asserted by the defendant’s answer. He relied simply upon his deed, Ms possession under it, and his payment of the purchase money. “I-recollect distinctly, said he, “that two of the judges who sat in that cause— the president and myself—were decidedly of opinion that if it had appeared from the record that the defendant, prior to the execution of the deed, had acquired by his purchase a good equitable title, he ought to be protected against the judgment.” And so, in the present case, the appellants rely simply upon the title bond, possession under it, and payment of the purchase money. In other words, they rely wholly upon a written contract, and as that contract is utterly void by the express terms of the statute, as against judgment creditors, for want of recordation., the inevitable result is that the lieu of the judgment attaches.
*346 Tlie propriety of excluding mere parol contracts partly-performed from the operation of the registry acts, and the reasons probably influencing the legislature in confining those acts to deeds and other written contracts, are discussed at length in Floyd & Harding, and need not be again considered here. That case shows the anxiety of this court to protect the rights of the real owner of property, and its indisposition to extend the operation of the recording acts as against bona fide purchasers, to a single case not plainly within their provisions. But it has never gone so far as to disregard the express provisions of a statute upon grounds of real or imaginary hardship. For the reasons stated, we are of opinion the decree of the circuit court must be affirmed.
Moncure, P., and Christian, J., concurred in the opinion of Staples, J.
Anderson, J., dissented.
Decree affirmed.